THE STATE OF NEW JERSEY v. THE TURNPIKE COM-
PANY OF MIDDLETOWN.

Argued February 20 and 21, 1900—Decided June 11, 1900.

The corporate franchises of a corporation cannot be sold under a com-
mon law execution issued upon a judgment at law against a cor-
poration.

On *quo warranto.*   On demurrer to information.

Before DEPUE, CHIEF JUSTICE, and Justices VAN SYCKEL
and GUMMERE.

For the state, *James Steen* and *Samuel H. Grey*, attorney-
general.

For the defendant, *Edmund Wilson.*

The opinion of the court was delivered by

VAN SYCKEL, J. The only question presented by the de-
murrer to the information in this case is whether the corporate
franchises of a corporation can be sold under a common law
execution issued upon a judgment at law against the cor-
poration.

In *Randolph* v. *Larned,* 12 *C. E. Gr.* 557, the Court of
Errors and Appeals decided that at common law the franchise
of a corporation could not be reached by an execution issued
out of a court of law.

In 1888 Joseph Field recovered a judgment in the Mon-
mouth Circuit Court against the "Middletown Turnpike
Company," a body corporate of the State of New Jersey, and
by virtue of an execution issued upon said judgment the fran-
chises of said corporation were sold by the sheriff of said
county to the defendant, "The Turnpike Company of Middle-
town," a corporation formed under the act of 1881 (*Gen.
Stat., p.* 3694, §§ 34, 35).

The defendant insists that this act of 1881 changes the

common law rule and subjects corporate franchises to sale by execution issued upon a judgment in a court of law.

Under the supplement of March 13th, 1866, to the act to prevent frauds by incorporated companies, taken in connection with the twentieth section of the original act (*Nix. Dig., 4th ed.,* 409) the Chancellor had discretionary power to order a sale of franchises, as well as of the property of the insolvent corporation, clear of encumbrances. *Randolph* v. *Larned, supra.*

These provisions were re-enacted in the revision of 1875, and are sections 84 and 85 of the act concerning corporations.

As the law stood at the time of the passage of the act of 1881, the only way in which the franchises of a corporation could be sold was under a decree made by the Chancellor in proceedings against an insolvent corporation, or by proceedings for foreclosure where the corporation has power to mortgage franchises.

The act of 1881 provides, that whenever the property, rights, powers, immunities, privileges and franchises of any turnpike, bridge, plank road, gas, water or gas and water corporation created by or under any law of this state shall be or has been sold and conveyed under and by virtue of any process or decree of any court of this state, or of the Circuit Court of the United States, the persons for whose account such rights and franchises may be purchased, shall and they are constituted a body politic and corporate and be vested with all the rights, property, privileges and franchises of the corporation whose property and franchises were so sold.

This act applies to cases where franchises may lawfully be sold under process or decree out of a court of competent jurisdiction to authorize a levy and sale. It gives no increase of power to the common law courts and no added effect to a judgment and execution at law. It does not purport to provide a new mode in which franchises may be subjected to levy and sale, or in any wise to change the proceedings by which such sale may be effected.

It relates to the effect of the sale, when directed by the process or decree of any court of this state empowered to make

sale by providing a way in which the purchaser shall become capable of enjoying the fruits of the purchase.

It is manifest that the language "by virtue of any process or decree of any court of this state," cannot be held to include every court of this state, because that would give the power to Justice's Courts and Courts of Common Pleas. Therefore, the words used cannot be taken in their most comprehensive sense. A narrower meaning must be attributed to the enactment by restricting its operation to such process or decree, and such proceedings as could at the time of the passage of the act vest a title to franchises in the purchaser. That view excludes the power of the Circuit Court over this subject.

The sale under the execution at law vested no title in the defendant, and it could derive no corporate rights or privileges through such sale.

The demurrer should be overruled, with costs.